UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHAN S STRUVE and NICOLE
M STRUVE, husband and wife,

    Plaintiffs,

v.                                                        Case No.:   2:24-cv-281-JLB-KCD

ERIK JAMES BROWN and
PROGRESSIVE NORTHERN INS.
CO.,

    Defendants.
_____/

## **ORDER**

    This is a maritime case stemming from a collision between Plaintiffs and Defendant Erik James Brown. Plaintiffs move to compel the deposition of Brown or impose "other sanctions including incarceration for contempt." (Doc. 53.)[1] No response was filed, and the time to do so has expired.

    Brown's deposition was scheduled for last month, but he failed to appear. (Docs. 53-1, 54-1 at 2.) And Brown, claiming he has been stranded on his boat for "the last 50 days," has suggested he will not appear for a deposition unless he is paid. (Doc. 53-8.) Because Brown has also shared that he has no assets,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and other citations.

Plaintiffs say fining him won't work, so they ask for "incarceration for contempt" to encourage compliance. (Doc. 53 at 6.)

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Maryland Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). This broad discovery helps "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Consistent with this broad approach to discovery, the Federal Rules of Civil Procedure allow parties to depose witnesses, including an opposing party. *See* Fed. R. Civ. P. 30(a). Depositions can be extremely important to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses. In some cases, depositions are "indispensable." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). Indeed, Plaintiffs say that Brown's deposition is necessary "for Plaintiffs to be able to carry their burden on proof on ownership of the vessel at the time of the allision, and the failure to carry any insurance which would be responsive to Plaintiffs' claims

for personal injuries arising out of the negligence of the owner of the vessel." (Doc. 53 at 4.)

Rule 37(d)(1)(A)(i) authorizes the Court to sanction a party when he "fails, after being served with proper notice, to appear for [his] deposition." "Federal Rule of Civil Procedure 37 provides different remedies for discovery violations depending on whether those violations occur due to a party's failure to respond to discovery requests, in the context of an order granting or denying a discovery motion, or when a party disobeys a discovery order." *Maletta v. Woodle*, No. 2:20-CV-1004-JES-KCD, 2022 WL 3213426, at *2 (M.D. Fla. Aug. 9, 2022). "Ultimately, Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *Id.* Rule 37 provides district courts "broad discretion to fashion appropriate sanctions" for discovery violations and non-compliance *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

To start, Plaintiffs' motion includes no memorandum of law as required by Local Rule 3.01(a) and could be denied on that basis alone. Plaintiffs ultimately ask the Court to find that the imposition of fine will not suffice, and instead impose a contempt finding with incarceration. But Plaintiffs provide no authority for imposing such an extreme sanction, especially when there has been no history of failure to comply with court orders. Rule 37(b)(2)(A) says that the court "may" issue a contempt sanction. In its discretion, the Court

3

finds that such drastic relief is unwarranted in these circumstances as there is no pattern of discovery abuse. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997).

Brown has presented no argument that he should be excused from providing testimony, so the Court will order that he appear for a properly noticed deposition. The Court acknowledges Plaintiffs' predicament here. But Plaintiffs have the Federal Rules at their disposal, which allow for different methods of recording deposition testimony. *See* Fed. R. Civ. P. 30(b)(3)(A) (providing that a properly noticed deposition "may be recorded by audio, audiovisual, or stenographic means"). And the Rules allow for other methods of obtaining the discovery that Plaintiffs seek, including requests for admission. *See* Fed. R. Civ. P. 36.

Plaintiffs must confer with Brown about a date and time for his deposition. If Brown fails to cooperate, Plaintiffs may unilaterally set the deposition. **Brown should note that if it becomes clear that he does not intend to comply with the Court's Order to attend the deposition, the Court will consider more severe sanctions**.

Accordingly, it is **ORDERED**:

1.    Plaintiffs' Motion for Order Compelling Defendant Erik James Brown to Appear for His Deposition or be Subject to Other Sanctions Including Incarceration for Contempt (Doc. 53) is **GRANTED IN PART** to the extent

that the Court compels Brown to sit for a deposition.[2] The motion is **DENIED** as much as it seeks any greater or different relief.

2. Plaintiffs are directed to provide a copy of this Order to Brown and confer with him about a date for his deposition.

**ENTERED** in Fort Myers, Florida on October 15, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

---

[2] If a motion to compel "is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Plaintiffs do not ask for expenses. Nor have they provided any documentation to issue such an award. So the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins.*, No. 2:19-CV-442-FTM-29-MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).