UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHAN S STRUVE, HUSBAND
AND WIFE; AND NICOLE M
STRUVE, HUSBAND AND WIFE,

        Plaintiffs,

  v.

Case No. 2:24-cv-281-KCD-DNF

ERIK JAMES BROWN,
PROGRESSIVE NORTHERN INS.
CO., A FOREIGN CORPORATION,

        Defendants.
_____/

## ORDER

Before the Court is Plaintiffs Nathan and Nicole Struve's Motion for Partial Summary Judgment on Fifth Affirmative Defense (Loss of Consortium). (Doc. 56.)[1] Defendant Progressive Northern has responded in opposition (Doc. 59), and Plaintiffs replied (Doc. 60). For the reasons below, the motion is **DENIED**.

### I. Background

Plaintiffs sue for injuries sustained in a boating accident with Defendant Erik Brown. (Doc. 1.) Because Brown allegedly lacked adequate insurance coverage, the complaint also seeks insurance proceeds from Progressive

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Northern. Pertinent here, Nicole Struve seeks loss of consortium damages. And Progressive Northern has raised an affirmative defense that loss of consortium is "unrecognized in maritime law." (Doc. 13 at 9.)

Both parties agree that Nathan Struve was injured in the accident and that maritime law governs. (Doc. 56 at 15; Doc. 59 at 2); *see also Kantrow v. Celebrity Cruises, Inc.*, 510 F. Supp. 3d 1311, 1317 (S.D. Fla. 2020) ("Federal maritime law applies to actions arising from alleged torts committed aboard a ship sailing in navigable waters."). Thus, only the legal question of whether maritime law recognizes loss of consortium claims remains to be answered.

## II. Discussion

It has long been the rule in the Eleventh Circuit that "general maritime law [does not] authorize[] recovery for loss of society or consortium in personal injury cases." *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993). The Supreme Court seemed to undermine this authority in *Yamaha Motor Corp., U.S.A. v. Calhoun*, which allowed state wrongful-death actions to supplement federal maritime law. 516 U.S. 199 (1996). But the Eleventh Circuit has since reasserted that "personal injury claimants have no claim for nonpecuniary damages such as loss of society [or] loss of consortium" under maritime law. *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. On Sept. 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997).

There is yet another wrinkle. Following *Amtrak*, the Supreme Court expanded the claims for relief that existed under maritime law to include punitive damages. *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 407 (2009). Because punitive damages are also nonpecuniary, some courts concluded that *Atl. Sounding* may have overruled *Amtrak* and its limitation on consortium claims. *See Shore v. Magical Cruise Co., Ltd.*, No. 6:14-cv-358-Orl–31GJK, 2014 WL 3687100, at *4 (M.D. Fla. July 24, 2014).

Enter the Eleventh Circuit again. It has since reaffirmed *Amtrak* and its prohibition on consortium damages. *See Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 251 (11th Cir. 2018); *Eslinger v. Celebrity Cruises, Inc.*, 772 F. App'x. 872, 873 (11th Cir. 2019). District courts have followed suit. *See Jolly v. Hoegh Autoliners Shipping AS*, 546 F. Supp. 3d 1105 (M.D. Fla. 2021); *Landivar v. Celebrity Cruises Inc.*, No. 21-20815-CIV, 2021 WL 7186402 (S.D. Fla. July 12, 2021); *Mayer v. Carnival Corp.*, 731 F. Supp. 3d 1316 (S.D. Fla. 2024).

There are two exceptions that bear mentioning. Claims for loss of consortium are allowed in cases of wrongful death where state law is applied. *Am. Dredging Co. v. Lambert*, 81 F.3d 127, 130-31 (11th Cir. 1996). The same for injury or death to a longshoreman "aboard a vessel in state territorial waters." *Am. Exp. Lines, Inc. v. Alvez* 446 U.S. 274, 276 (1980). But these

exceptions do not apply to the facts here. Nor have they been extrapolated to basic personal injury claims.

Plaintiffs try to save their loss of consortium claim with *Superior Constr. Co. v. Brock*, 445 F.3d 1334 (11th Cir. 2006). (Doc. 56 at 6-10, 13-14). In *Brock*, the Eleventh Circuit affirmed the district court's award of damages, which included loss of consortium, to the plaintiffs injured in a boat collision. *Id.* at 1338 n.4. But *Brock* never explicitly addressed whether loss of consortium damages are available under maritime law. Its analysis is perfunctory, making no mention (let alone analysis) of the extensive case law noted above. The Court is not convinced that the Eleventh Circuit departed from several decades of precedent by mere inference. And if there was any doubt, no court has used *Brock* to uphold a loss of consortium claim since.

The Eleventh Circuit has spoken, and this Court must listen: maritime law does not recognize loss of consortium damages for personal injury claims like those alleged here. *See In re Amtrak*, 121 F.3d at 1429. Plaintiffs' Motion for Partial Summary Judgment (Doc. 56) is thus **DENIED**, and Progressive Northern's affirmative defense remains at issue.

**ORDERED** in Fort Myers, Florida on October 1, 2025.

Kyle C. Dudek
United States Magistrate Judge

4